Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SEARS HOLDINGS CORPORATION, an Illinois Corporation; SEARS, ROEBUCK AND CO., a New York Corporation; SEARS BRANDS, LLC, an Illinois Limited Liability Company; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITBLE RELIEF:** <br><br> **1. TRADE DRESS INFRINGEMENT;** <br><br> **2. FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS;** <br><br> **3. FEDERAL UNFAIR COMPETITION;** <br><br> **4. PATENT INFRINGEMENT;** <br><br> **5. UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW** <br><br> **JURY TRIAL DEMANDED** |

**Plaintiff Deckers Outdoor Corporation** for its claims against **Defendants Sears Holdings Corporation**, **Sears Roebuck and Co.**, and **Sears Brands LLC** (collectively "Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiff files this action against Defendants for trade dress infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), patent infringement arising under the patent laws of the United States, and for related claims of unfair competition under the statutory and common law of the state of California.  This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2.     This Court has personal jurisdiction over Defendants because Defendants do business within this judicial district.

3.     This action arises out of wrongful acts by Defendants within this judicial district and Plaintiff is located and has been injured in this judicial district by Defendants' alleged wrongful acts.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4.     Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Goleta, California.  Deckers designs and markets footwear identified by its famous UGG® trademark and other famous trademarks.

5.     Upon information and belief Sears, Roebuck, and Co. ("Sears Roebuck") is a corporation duly organized and existing under the laws of the State of New York with an office and principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

6.     Upon information and belief Sears Holdings Corporation ("Sears Holdings") is a corporation duly organized and existing under the laws of the State of Illinois with an office and principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

7.     Upon information and belief Sears Brands LLC ("Sears Brands") is a limited liability company duly organized and existing under the laws of the State of

Illinois with an office and principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

8.    Upon information and belief, defendants Sears Roebuck and Sears Brands are wholly-owned subsidiaries of Sears Holdings.  Plaintiff shall hereinafter refer to Defendants Sears Holdings, Sears Roebuck, and Sears Brands collectively as "Sears."

9.    Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10.    Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or not further such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    Deckers' UGG® Brand, Bailey Button Boot Trade Dress and Bailey Button Design Patents

11.    Deckers has become well known throughout the United States and elsewhere as a source of high quality footwear products identified at least by its UGG® brand of premium footwear.

12.     Deckers' UGG® products are distributed and sold to consumers through retailers throughout the United States at point of sale and on the Internet, including through its website www.uggaustralia.com.

13.     Some of the more widely recognized styles within the UGG® family of sheepskin boots are the "Bailey Button" styles.  The Bailey Button styles (examples of which are shown below) are characterized, *inter alia*, by

- Classic suede boot styling made famous by the UGG® brand;
- Overlapping of front and rear panels on the lateral side of the boot shaft;
- Curved top edges on the overlapping panels;
- Exposed fleece-type lining edging the overlapping panels and top of the boot shaft; and
- One or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels (hereinafter "Bailey Button Boot Trade Dress").

  

14.     The Bailey Button Boot Trade Dress was an original design by Deckers and the key elements thereof are non-functional and serve primarily to identify Deckers and its UGG® brand as its source.

15.     Since 1978, when the UGG® Brand was founded, the popularity of UGG® boots has steadily grown across the nation and even the globe. The UGG® Brand has always been and remains highly coveted by consumers.  This commitment

to quality has helped to propel the UGG® Brand to its current, overwhelming level of popularity and cemented its status as a luxury brand.

16.    It has now been fourteen years since UGG® boots were first featured on Oprah's Favorite Things® in the year 2000, and Oprah emphatically declared on national television how much she "LOOOOOVES her UGG boots." The popularity of UGG® Brand footwear has grown exponentially since then with celebrities including Kate Hudson and Sarah Jessica Parker among myriad others regularly donning them. UGG® sheepskin boots have become a high fashion luxury item and can be found on fashion runways around the world.

17.    Introduced in 2009, the Bailey Button Boot Trade Dress has continuously appeared on UGG® boots, which have been featured on Deckers' advertising and promotional materials as well as in the trade publications set forth above. Deckers has extensively used and promoted the Bailey Button Boot Trade Dress such that it is closely identified with the UGG® brand and has gained widespread public recognition.

18.    Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing its line of footwear embodying the Bailey Button Boot  Trade Dress.  Deckers' efforts have been successful and Deckers has sold a substantial amount of UGG® boots bearing the Bailey Button Boot Trade Dress.

19.    Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' Bailey Button Boot Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

20.    Many of Deckers' UGG® footwear designs, including those with the Bailey Button Boot Trade Dress, are also protected by design patents issued by the United States Patent and Trademark Office.  Design Patents for UGG® Bailey Button Boot styles include, but are not limited to, U.S. Patent Nos. D599,999 for the "Bailey Button Single" boot (registered on September 15, 2009) and D616,189 for the "Bailey

Button Triplet" boot (registered on May 25, 2010) (hereinafter "Bailey Button Design Patents"). Attached hereto and incorporated herein as Exhibit 1 are true and correct copies of the Bailey Button Design Patents.

21.     Deckers is the lawful assignee of all right, title, and interest in and to the Bailey Button Design Patents.

**B.     Defendants' Willful Infringement of the Bailey Button Boot Trade Dress and Bailey Button Design Patents**

22.     Upon information and belief, Sears is engaged in the retail sale of a wide range of home merchandise, apparel and automotive products and services.  Sears' retail stores are located nationwide, including within this judicial district.  Sears' products can also be purchased online at www.sears.com and/or www.kmart.com.

23.     The present lawsuit arises from Sears' manufacture, distribution, advertisement, marketing, offering for sale, and/or sale of footwear that infringe upon Plaintiff's Bailey Button Boot Trade Dress and Bailey Button Design Patents ("Infringing Products"), an exemplar of which is shown below



24.     Deckers has not granted a license or any other form of permission to Sears with respect to the Bailey Button Boot Trade Dress and/or the Bailey Button Design Patents.

25.     Sears had knowledge of Deckers' rights to the Bailey Button Boot Trade Dress and Bailey Button Design Patents and has intentionally utilized said Bailey Button styles on its own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

26.     Deckers is informed and believes and hereon alleges that Sears is a competitor and has copied Deckers' Bailey Button Boot Trade Dress and/or Bailey Button Design Patents in an effort to exploit Deckers' reputation in the market.

27.     In fact, Deckers has previously put Sears on notice of its rights to the Bailey Button Design Patents in connection with a prior lawsuit filed against Sears in which different infringing products were at issue.  Despite being on actual notice of Deckers' rights to the Bailey Button Design Patents, Sears has willfully continued its infringing activities in connection with a different brand of footwear.

28.     Deckers is informed and believes and hereon alleges that Defendants have acted in bad faith and that Defendants' deceptive acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' Infringing Products with Deckers, or as to the origin, sponsorship, or approval of Defendants' Infringing Products by Deckers.

## FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement)

29.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

30.     Elements of Plaintiff's Bailey Button Boot Trade Dress are nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Plaintiff as the source of high-quality goods.

31.     The Bailey Button Boot Trade Dress is of such a unique and unusual quality that a customer would immediately rely on said design to differentiate the source of goods.

32.     Furthermore, the Bailey Button Boot Trade Dress has been featured in connection with various celebrities, has received a large volume of unsolicited media intention, and has graced the pages of many popular magazines nationwide and internationally.

7

33.     The Infringing Products produced, distributed, advertised and offered for sale by Defendants bear nearly identical reproductions of the Bailey Button Boot Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval of Defendants' products.

34.     Defendants' unauthorized use of Plaintiff's Bailey Button Boot Trade Dress on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods when, in fact, they do not.

35.     Defendants' use of Plaintiff's Bailey Button Boot Trade Dress is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

36.     Defendants' use of Plaintiff's Bailey Button Boot Trade Dress is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendants' products are produced, sponsored, authorized, or licensed by or that are otherwise connected or affiliated with Plaintiff, all to the detriment of Plaintiff.

37.     Plaintiff has no adequate remedy at law.

38.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's Bailey Button Boot Trade Dress, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

/ / /

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions)

39.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

40.     Elements of Plaintiff's Bailey Button Boot Trade Dress are nonfunctional and their inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Plaintiff as the source of high-quality goods.

41.     The Infringing Products produced, distributed, advertised and offered for sale by Defendants bear exact and/or confusingly similar reproductions of the Bailey Button Boot Trade Dress elements, such as to cause a likelihood of confusion between Defendants' products and Plaintiff's products.

42.     The design of Defendants' Infringing Products is substantially the same as Plaintiff's Bailey Button Boot Trade Dress.

43.     Defendants' unauthorized use of Plaintiff's Bailey Button Boot Trade Dress on merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods when, in fact, they do not.

44.     Defendants' use of Plaintiff's Bailey Button Boot Trade Dress is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its intellectual property.

45.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

46.     Plaintiff has no adequate remedy at law.

47.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's Bailey Button Boot Trade Dress, or any

9

1    designs confusingly similar thereto, and to recover all damages, including attorneys'

2    fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages

3    obtained by Defendants as a result of their infringing acts alleged above in an amount

4    not yet known, as well as the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Federal Unfair Competition)

7    48.    Plaintiff incorporates herein by reference the averments of the preceding

8    paragraphs as though fully set forth herein.

9    49.    Plaintiff owns all rights, title, and interest in and to the Bailey Button

10   Boot Trade Dress.

11   50.    Plaintiff's Bailey Button Boot Trade Dress is nationally recognized,

12   including within the Central District of California, as being affixed to goods and

13   merchandise of the highest quality and coming from Plaintiff.

14   51.    The Infringing Products produced, distributed, advertised and offered for

15   sale by Defendants bear exact reproductions of the Bailey Button Boot Trade Dress

16   elements, such as to cause a likelihood of confusion between Defendants' products and

17   Plaintiff's products.

18   52.    Defendants' unauthorized use of Plaintiff's Bailey Button Boot Trade

19   Dress on merchandise that do not meet Plaintiff's standards of quality in interstate

20   commerce and advertising relating to same constitutes false designation of origin and a

21   false representation that the goods and services are manufactured, offered, sponsored,

22   authorized, licensed by or otherwise connected with Plaintiff or come from the same

23   source as Plaintiff's goods and are of the same quality as that assured by Plaintiff's

24   Bailey Button Boot Trade Dress.

25   53.    Defendants' use of Plaintiff's Bailey Button Boot Trade Dress elements is

26   without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to

27   control its trade dress and designs.

28

54.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

55.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiff and reap the benefits of the good will associated with Plaintiff's Bailey Button Boot Trade Dress.

56.     As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing on Plaintiff's Bailey Button Boot Trade Dress.

57.     Plaintiff has no adequate remedy at law.

58.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's Bailey Button Boot Trade Dress, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Patent Infringement – 35 U.S.C. § 271)

59.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

60.     Plaintiff Deckers Outdoor Corporation is the owner by assignment of all right, title and interest in and to the Bailey Button Design Patents.

61.     Defendants have knowingly and intentionally manufactured, caused to be produced, distributed, advertised, marketed, offered for sale, and/or sold footwear that

1   is substantially similar to the Bailey Button Design Patents in direct violation of 35

2   U.S.C. § 271.

3        62.   Defendants' use of the Bailey Button Design Patents is without Plaintiff's

4   permission or authority and is in total disregard of Plaintiff's right to control its

5   intellectual property.

6        63.   As a direct and proximate result of Defendants' infringing conduct,

7   Plaintiff has been injured and will continue to suffer injury to its business and

8   reputation unless Defendants are restrained by this Court from infringing Plaintiff's

9   Bailey Button Design Patents.

10       64.   Defendants' acts have damaged and will continue to damage Plaintiff, and

11  Plaintiff has no adequate remedy at law.

12       65.   On information and belief, Defendants' acts herein complained of

13  constitute willful acts and intentional infringement of the Bailey Button Design

14  Patents.

15       66.   All of Deckers' UGG® footwear products, including products embodying

16  the Bailey Button Design Patents, bear a label on the products themselves that gives

17  notice to the public of its patent registration.

18       67.   Given the widespread popularity and recognition of Deckers' Bailey

19  Button Boot style and the patent notice provided on the products themselves, Plaintiff

20  avers and hereon alleges that Defendants had knowledge of Deckers' rights to the

21  Bailey Button Design Patents and has intentionally copied said designs on its own

22  brand of products in an effort to pass them off as if they originated, are associated

23  with, are affiliated with, are sponsored by, are authorized by, and/or are approved by

24  Deckers.

25       68.   Deckers is informed and believes and hereon alleges that Defendants are a

26  competitor and has copied Deckers' Bailey Button Boot style in an effort to exploit

27  Deckers' reputation in the market.

28

69.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from infringing the Bailey Button Design Patents and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount to be determined, which amount can be trebled under 35 U.S.C. § 284.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition Under California Common Law)

70.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

71.     Defendants' infringement of Plaintiff's Bailey Button Boot Trade Dress and Bailey Button Design Patents constitutes unfair competition in violation of the common law of the State of California.

72.     Defendants' infringing acts in appropriating rights in Plaintiff's Bailey Button Boot Trade Dress and Bailey Button Design Patents were intended to capitalize on Plaintiff's goodwill associated therewith for Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for the Plaintiff brand.  As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiff.

73.     Defendants' unauthorized use of Plaintiff's Bailey Button Boot Trade Dress and Bailey Button Design Patents has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiff.

74.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

75.     Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless they are enjoined by this Court.

76.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights.  Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar such conduct in the future.

77.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from infringing the Bailey Button Boot Trade Dress and Bailey Button Design Patents, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendants, as follows:

1.    A Judgment that Defendants have infringed Deckers' Bailey Button Design Patents in violation of 35 U.S.C. § 271 as well as Deckers' Bailey Button Boot Trade Dress in violation of 15 U.S.C. § 1125 and that Defendants' infringement was willful;

2.    An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are hereby temporarily, preliminarily, and permanently enjoined from using Plaintiff's Bailey Button Boot Trade Dress, or any designs confusingly similar thereto, including, but not limited to:

a.    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Infringing Products or any other products which bear Plaintiff's Bailey Button Boot Trade Dress or any designs

confusingly similar thereto and/or products bearing designs that infringe upon the Bailey Button Design Patents and/or the overall appearance thereof;

        b.    engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Plaintiff; and

        c.    committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

3.    Ordering Defendants to recall from any distributors and retailers and to deliver to Plaintiff for destruction or other disposition all remaining inventory of all Infringing Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4.    Ordering Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5.    Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

6.    Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7.    Increasing the damages up to three times the amount found or assessed under 35 U.S.C. § 284;

8.    Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement;

9.    Finding that this is an exceptional case under 35 U.S.C. § 285 and 15 U.S.C. § 1117 and awarding attorneys' fees there under;

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

10.     Awarding applicable interest, costs, disbursements and attorneys' fees;

11.     Awarding Plaintiff's punitive damages in connection with its claims under California law; and

12.     Such other relief as may be just and proper.


Dated:  April 4, 2014                    BLAKELY LAW GROUP


                                         By: _____
                                             Brent H. Blakely
                                             Cindy Chan
                                             *Attorneys for Plaintiff*
                                             *Deckers Outdoor Corporation*


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.


Dated:  April 4, 2014                    BLAKELY LAW GROUP


                                         By: _____
                                             Brent H. Blakely
                                             Cindy Chan
                                             *Attorneys for Plaintiff*
                                             *Deckers Outdoor Corporation*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

US00D599999S

(12) **United States Design Patent**    (10) Patent No.:     **US D599,999 S**

MacIntyre    (45) Date of Patent:    ** **Sep. 15, 2009**

(54) **PORTION OF A FOOTWEAR UPPER**

(75) Inventor:  **Jennifer MacIntyre**, Santa Barbara, CA (US)

(73) Assignee:  **Deckers Outdoor Corporation**, Goleta, CA (US)

(**) Term:  **14 Years**

(21) Appl. No.:  **29/326,868**

(22) Filed:  **Oct. 27, 2008**

(51) LOC (9) Cl. ............................................ **02-99**
(52) U.S. Cl. .......................... **D2/970**; D2/911; D2/946
(58) Field of Classification Search ................. D2/896,
D2/909–915, 946, 970, 973, 974;  36/45,
36/50.1, 83, 3 A, 7.1 R, 113
See application file for complete search history.

(56)  **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D125,568 S | * | 3/1941 | Hard ............................ | D2/911 |
| D155,573 S | * | 10/1949 | Bingham ..................... | D2/910 |
| D159,577 S | * | 8/1950 | Stromberg .................. | D2/900 |
| D159,761 S | * | 8/1950 | Barron ....................... | D2/910 |
| D227,197 S | * | 6/1973 | Fukuoka ..................... | D2/910 |
| D319,332 S | * | 8/1991 | Itzkowitz ................... | D2/910 |
| D481,863 S | * | 11/2003 | Belley et al. ............... | D2/970 |
| D529,269 S | * | 10/2006 | Belley et al. ............... | D2/970 |
| D539,024 S | | 3/2007 | Belley et al. | |
| D581,140 S | | 11/2008 | Earle | |

FOREIGN PATENT DOCUMENTS

DE          40702148      8/2007

EP          00718002-0006      4/2007

OTHER PUBLICATIONS

UGG Australia, Bipster model, p. 1, Oct. 3, 2008.
UGG Australia, Henry model, p. 1, Oct. 3, 2008.
UGG Australia, Erin model, p. 1, Oct. 3, 2008.
UGG Australia, Cove model, p. 1, Oct. 27, 2008.
UGG Australia, Kona model, p. 1, Oct. 27, 2008.
Catalogue Moscow Shoes, summer 2006, p. 2 top center.
Steve Madden MISSYY Brown Suede boot, www.jildorshoes.com, Dec. 9, 2008.

* cited by examiner

*Primary Examiner*—Stella M Reid
*Assistant Examiner*—Rashida C McCoy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57)    **CLAIM**

The ornamental design for a portion of a footwear upper, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a portion of a footwear upper showing my new design;

FIG. **2** is a side elevational view thereof;

FIG. **3** is an opposite side elevational view thereof;

FIG. **4** is a front elevational view thereof;

FIG. **5** is a rear elevational view thereof;

FIG. **6** is a top plan view thereof; and,

FIG. **7** is a bottom plan view thereof.

The broken lines in FIGS. **1–7** represent portions of the footwear that form no part of the claimed design. The broken line which defines the bounds of the claimed design forms no part thereof.

**1 Claim, 6 Drawing Sheets**





**U.S. Patent**        Sep. 15, 2009        Sheet 1 of 6        **US D599,999 S**



FIG. 1



FIG. 2



FIG. 3



FIG. 5



FIG. 4



FIG. 6

FIG. 7

US00D616189S

(12) **United States Design Patent**
MacIntyre

(10) Patent No.:　　**US D616,189 S**
(45) Date of Patent:　** *May 25, 2010

(54) **PORTION OF A FOOTWEAR UPPER**

(75) Inventor:　**Jennifer MacIntyre**, Santa Barbara, CA (US)

(73) Assignee:　**Deckers Outdoor Corporation**, Goleta, CA (US)

(**) Term:　**14 Years**

(21) Appl. No.:　**29/343,479**

(22) Filed:　**Sep. 14, 2009**

### Related U.S. Application Data

(63) Continuation-in-part of application No. 29/326,868, filed on Oct. 27, 2008, now Pat. No. Des. 599,999.

(51) **LOC (9) Cl.** ........................................... **02-99**
(52) **U.S. Cl.** ......................................... **D2/970**
(58) **Field of Classification Search** ................. D2/896, D2/902, 903, 905–915, 946, 970, 972, 974, D2/976;　36/45, 50.1, 83, 3 A, 7.1 R, 113, 36/101, 112, 114, 116, 126–130, 48
See application file for complete search history.

(56) **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D21,954 S | * | 11/1892 | Richardson | ................. D2/910 |
| D125,568 S | | 3/1941 | Hard | |
| D155,573 S | | 10/1949 | Bingham, Jr. | |
| D159,577 S | * | 8/1950 | Stromberg | ................. D2/900 |
| D159,761 S | * | 8/1950 | Barron | ................. D2/910 |
| D227,197 S | | 6/1973 | Fukuoka | |
| D284,805 S | * | 7/1986 | Smith | ................. D2/900 |
| D319,332 S | | 8/1991 | Itzkowitz | |
| D357,572 S | * | 4/1995 | Seiler et al. | ................. D2/910 |
| D386,292 S | * | 11/1997 | Brooks et al. | ................. D2/970 |
| D386,294 S | * | 11/1997 | Brooks et al. | ................. D2/970 |
| D400,342 S | * | 11/1998 | Davidowitz et al. | .......... D2/909 |
| D481,863 S | | 11/2003 | Belley et al. | |
| D497,476 S | * | 10/2004 | Huard et al. | ................. D2/970 |
| D521,228 S | * | 5/2006 | Kelsey | ................. D2/976 |
| D529,269 S | | 10/2006 | Belley et al. | |
| D539,024 S | * | 3/2007 | Belley et al. | ................. D2/970 |
| D554,341 S | * | 11/2007 | Belley et al. | ................. D2/970 |
| D575,495 S | | 8/2008 | Le | |
| D580,158 S | | 11/2008 | Belley et al. | |

(Continued)

#### FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| DE | 40702148 | 8/2007 |

(Continued)

#### OTHER PUBLICATIONS

UGG Australia, Bipster model, p. 1, Oct. 3, 2008.

(Continued)

*Primary Examiner*—Robert M Spear
*Assistant Examiner*—Rashida C McCoy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57)　　　　**CLAIM**

The ornamental design for a portion of a footwear upper, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a portion of a footwear upper showing my new design;

FIG. **2** is a side elevational view thereof;

FIG. **3** is an opposite side elevational view thereof;

FIG. **4** is a front elevational view thereof;

FIG. **5** is a rear elevational view thereof; and,

FIG. **6** is a top plan view thereof.

The broken lines in FIGS. **1**–**6** represent portions of the footwear that form no part of the claimed design. The broken line which defines the bounds of the claimed design forms no part thereof.

**1 Claim, 6 Drawing Sheets**



**US D616,189 S**

Page 2

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D581,140 S | 11/2008 | Earle |
| D585,636 S | 2/2009 | Earle |
| D591,496 S | 5/2009 | Earle |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 00718002-0006 | 4/2007 |
| EP | 001159008-0005 | 8/2009 |

OTHER PUBLICATIONS

UGG Australia, Henry model, p. 1, Oct. 3, 2008.
UGG Australia, Erin model, p. 1, Oct. 3, 2008.
UGG Australia, Cove model, p. 1, Oct. 27, 2008.
UGG Australia, Kona model, p. 1, Oct. 27, 2008.
Steve Madden MISSYY Brown Suede boot, www.jildorshoes.com, Dec. 9, 2008.
Catalogue Moscow Shoes, summer 2006, p. 2 top center.
UGG Australia 1990 Catalog, Classic Tall model, 1990.
UGG Australia Fall/Winter 2004 Catalog, Larkspur model, 2004.
Sportsmaster, Russian Federation, Autumn/Winter 2008-2009.

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



# FIG. 4



FIG. 5



FIG. 6